NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0512n.06

No. 15-6332

**FILED**
Aug 30, 2016
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HAROLD B. DAVIS, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILSON COUNTY, TENNESSEE, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| *Defendant-Appellee*. | ) | |
| | ) | |
| | ) | |

BEFORE:     BATCHELDER and KETHLEDGE, Circuit Judges; LEVY, District Judge.*

**ALICE M. BATCHELDER, Circuit Judge.** After first consulting a lawyer, Harold B. Davis, an African-American, sent his resume and a cover letter unsolicited to 28 county departments in Wilson County, Tennessee, in 2011. He was not aware of any open positions at the time and he did not follow up with any department regarding receipt of his letter or job openings. The County did not hire him.

Davis filed a charge of discrimination with the EEOC in 2013 and brought this lawsuit soon thereafter. He alleges that Wilson County has a policy, custom, or practice of discriminating against African-Americans in its hiring practices, and that Wilson County discriminated against him. He seeks money damages for disparate treatment in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and Tenn. Code Ann. § 4-21-101, *et seq*. ("THRA"). He also contends that Wilson County's practices have a

---

*The Honorable Judith E. Levy, United States District Judge for the Eastern District of Michigan, sitting by designation.

disparate impact on African-Americans and other minorities in violation of Title VII and the THRA.

The district court held that the statute of limitations barred most of Davis's claims, and that he had failed to establish a prima facie case for his § 1981 claim of disparate treatment, which was not time-barred. It also refused to apply a spoliation of the evidence inference against the County—which Davis had requested on account of the County's alleged destruction of Davis's resumes—because the County had, in more than one instance, retained his resume.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.